# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA NORMA RUIZ PACHECO, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL[1], <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No.: 1:16-cv-00813 - JLT <br><br> ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Maria Norma Ruiz Pacheco initiated this action by filing a complaint on June 10, 2016, seeking judicial review of the decision to denying her application for Social Security benefits. (Doc. 1) On June 20, 2016, the Court entered its Scheduling Order, setting forth the applicable deadlines. (Doc. 4) Pursuant to the Scheduling Order, the parties exchanged confidential letter briefs, with Defendant serving the Commissioner's response on April 5, 2017. (Docs. 14, 15)

In the Court's Scheduling Order, Plaintiff was ordered to file an opening brief addressing "each claimed error" by the administrative law judge within thirty days of the date of service of the Commissioner's response. (*See* Doc. 4 at 2, explaining the applicable briefing deadlines.) Accordingly, Plaintiff was to file an opening brief in this action no later than May 5, 2017. (*See id.*)

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

1

However, Plaintiff failed to file an opening brief, and has not requested an extension of time.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g*. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within ten days of the date of service of this Order why the action should not be dismissed for her failure to prosecute or to follow the Court's Order, or in the alternative to file an opening brief. **If Plaintiff fails to comply with the deadline as ordered, the Court will find that Plaintiff has abandoned the action, and dismiss the matter.[2]**

IT IS SO ORDERED.

Dated: **May 10, 2017**      /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

---

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of a court proceeding is a source whose accuracy cannot reasonably be questioned, and the Court may take judicial notice of its records. *Mullis v. United States Bank. Ct*., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp*., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), a*ff'd*, 645 F.2d 699 (9th Cir.); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir. 1980). Accordingly, judicial notice is taken of the Court's records in Case Nos. 1:16-cv-752-JLT, 1:16-cv-814-JLT.
Notably, this is the third "order to show cause" for failure to file an opening brief issued to a plaintiff represented by Melissa Newel since April 24, 2017. (*See* Case No. 1:16-cv-752-JLT, Doc. 19; Case No. 1:16-cv-814-JLT, Doc. 16) Counsel is reminded that requests "for modification of the briefing schedule will **not** routinely be granted." (Doc. 4 at 4, emphasis in original)