# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA NORMA RUIZ PACHECO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:16-cv-00813 - JLT<br><br>ORDER DISMISSING THE ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Maria Norma Ruiz Pacheco initiated this action seeking judicial review of the administrative decision to deny her application for Social Security benefits. However, Plaintiff failed to comply with the Court's orders and failed to prosecute this action by filing an opening brief. Accordingly, the action is **DISMISSED** with prejudice.

**I.　Background**

Maria Norma Ruiz Pacheco initiated this action by filing a complaint on June 10, 2016, seeking judicial review of the decision to denying her application for Social Security benefits. (Doc. 1) On June 20, 2016, the Court entered its Scheduling Order, setting forth the applicable deadlines. (Doc. 4) Pursuant to the Scheduling Order, the parties exchanged confidential letter briefs, with Defendant

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

1

serving the Commissioner's response on April 5, 2017. (Docs. 14, 15)

In the Court's Scheduling Order, Plaintiff was ordered to file an opening brief addressing "each claimed error" by the administrative law judge within thirty days of the date of service of the Commissioner's response. (*See* Doc. 4 at 2, explaining the applicable briefing deadlines) Accordingly, Plaintiff was to file an opening brief in this action no later than May 5, 2017. (*See id.*) However, she failed to file an opening brief, and did not request an extension of time.

The Court issued an order to show cause on May 10, 2017, directing Plaintiff "to show cause within ten days of the date of service of this Order why the action should not be dismissed for her failure to prosecute or to follow the Court's Order, or in the alternative to file an opening brief." (Doc. 16 at 2) More than ten days have passed, Plaintiff has not responded to the order to show cause, or filed an opening brief.

## II. Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g*. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III. Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this action in abeyance given Plaintiff's failure to comply with the deadlines set forth by the Court and failure to prosecute. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (explaining a plaintiff has the burden "to move toward... disposition at a reasonable pace"). The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, Plaintiff was warned that failure to comply with the scheduling order "may result in sanctions." (Doc. 4 at 4) In addition, in the Order to Show Cause, the Court reminded Plaintiff that an action may be dismissed "based on a party's failure to prosecute an action or failure to obey a court order." (Doc. 16 at 2) In addition, the Court advised: "**If Plaintiff fails to comply with the deadline as ordered, the Court will find that Plaintiff has abandoned the action, and dismiss the matter**." (*Id.*, emphasis in original) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's orders and failure to prosecute the action by filing an opening brief, and these warnings satisfy the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Indeed, the Court need only warn a party once that the matter would be dismissed for failure to comply with its orders. *Id.*; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" to a party is an alternative sanction).

Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to

outweigh the other four factors").

**IV.     Conclusion and Order**

Plaintiff failed to comply with the deadlines imposed by the Court, and failed to prosecute the action by filing an opening brief.  As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter. Accordingly, the Court **ORDERS**:

1. Plaintiff's complaint is **DISMISSED with prejudice**; and
2. The Clerk of Court is **DIRECTED** to close this action, as this order terminates the matter in its entirety.

IT IS SO ORDERED.

Dated:     **May 24, 2017**                                    **/s/ Jennifer L. Thurston**
                                                                                     UNITED STATES MAGISTRATE JUDGE